1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| HCL PARTNERS LIMITED PARTNERSHIP, on behalf of itself and all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>LEAP WIRELESS INTERNATIONAL, INC., S. DOUGLAS HUTCHESON, DEAN M. LUVISA, AMIN I. KHALIFA and PRICE WATERHOUSECOOPERS, LLP,<br><br>                      Defendants. | CASE NO. 07cv2245 BTM(NLS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |
| KENT CARMICHAEL, Individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>LEAP WIRELESS INTERNATIONAL, INC., S. DOUGLAS HUTCHESON, MARK H. RACHESKY, AMIN I. KHALIFA and DEAN M. LUVISA,<br><br>                      Defendants. | CASE NO. 08cv0128 BTM(NLS) |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Westchester Capital Management, Inc. ("Westchester") and Green & Smith Investment Management LLC ("G&S") have filed a motion for reconsideration of the Court's order appointing New Jersey Carpenters Pension and Benefit Fund as Lead Plaintiff.   The

26
27
28

1  motion for reconsideration is **DENIED**.

2  "Reconsideration is appropriate if the district court (1) is presented with newly

3  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

4  or (3) if there is an intervening change in controlling law." School Dist. No. 1J Multnomah

5  County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   A party's failure to file

6  documents in connection with the underlying motion or opposition does not turn late-filed

7  documents into "newly discovered evidence."  Id.   To prevail on the ground of newly

8  discovered evidence, the movant must show that the evidence "(1) existed at the time of the

9  trial or proceeding at which the ruling now protested was entered; (2) could not have been

10  discovered through due diligence; and (3) was of such magnitude that production of it earlier

11  would have been likely to change the disposition of the case." Duarte v. Bardales, 526 F.3d

12  563, 573 (9th Cir. 2008).

13  Westchester and G&S argue that the evidence submitted in support of their motion

14  to be appointed lead plaintiff was sufficient to establish that they had the authority to sue on

15  behalf of the funds.  The Court disagrees for the reasons set forth in the Court's previous

16  order.   Behren declared that Westchester and G&S have unrestricted decision-making

17  authority with respect to the funds that they advise and manage, but did not state that the

18  funds had specifically authorized Westchester and G&S to sue on their behalf.  (Behren

19  Decls. of 1/16/08 and 3/19/08).  Although Behren stated that he was authorized to "undertake

20  all acts" on *Westchester and G&S's behalf*, including commencing legal actions, again,

21  Behren failed to state that the funds had specifically authorized Westchester and G&S to sue

22  on their behalf.  (Behren Decl. of 1/16/08, ¶ 2.)

23  In support of their motion for reconsideration, Westchester and G&S have submitted

24  additional evidence showing that they have the authority to sue on behalf of the funds,

25  including a Consent Action of the Board of Trustees for The Merger Fund and The Merger

26  Fund VL, a Consent Action of the Trustee of the GS Master Trust, and letters from Chief

27  Operating Officers of investment managers to certain of the funds.  However, all of these

28  documents are dated *after* the Court issued its decision.  Westchester and G&S presumably

1   could have obtained this evidence at an earlier date but failed to do so.  Therefore, the

2   evidence is not "newly discovered evidence" and does not warrant reconsideration of the

3   Court's order appointing New Jersey Carpenters Pension and Benefit Fund as Lead Plaintiff.[1]

4       Therefore, Westchester and G&S's motion for reconsideration is **DENIED**.

5

6   **IT IS SO ORDERED.**

7

8   DATED:  August 22, 2008

9

10      Honorable Barry Ted Moskowitz
        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [1]   In Burch v. SLM Corp., 08cv1029 (WHP), Westchester & G&S presented the
        additional evidence to the Southern District of New York *before* the court ruled on their
        motion to be appointed lead plaintiff.  Here, the additional evidence has been brought before
28      the Court in conjunction with a motion for reconsideration.  Therefore, a different standard
        applies.