Lionel Z. Glancy (#134180)
Andy Sohrn (#241388)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Liaison Counsel*

Joel P. Laitman
Christopher Lometti
Daniel B. Rehns
**COHEN MILSTEIN SELLERS & TOLL PLLC**
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797

Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600

*Lead Counsel for the Class
and Attorneys for the Lead Plaintiff New Jersey
Carpenters Pension and Benefit Funds*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HCL PARTNERS LIMITED PARTNERSHIP, On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LEAP WIRELESS INTERNATIONAL, INC., S. DOUGLAS HUTCHESON, GRANT A. BURTON and AMIN I. KHALIFA, <br><br> Defendants. | <u>CLASS ACTION</u> <br><br> LEAD CASE NO. 07-CV-2245 MMA <br><br> Consolidated with Case No. 08-CV-0128 MMA <br><br> **STIPULATION OF SETTLEMENT** <br><br> The Honorable Michael M. Anello |

KENT CARMICHAEL, Individually and On Behalf of All Others Similarly Situated,

                        Plaintiff,

      v.

LEAP WIRELESS INTERNATIONAL, INC. S. DOUGLAS HUTCHESON, MARK H. RACHESKY, AMIN I. KHALIFA and DEAN M. LUVISA,

                  Defendants.

      This Stipulation of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiff New Jersey Carpenters Pension and Benefit Funds ("Lead Plaintiff"), Leap Wireless International, Inc. ("Leap" or the "Company"), and S. Douglas Hutcheson, Grant A. Burton, and Amin I. Khalifa ("Individual Defendants").  Leap and the Individual Defendants (collectively, the "Defendants"), together with the Lead Plaintiff, are the "Parties" to this Stipulation by and through their respective counsel.

      WHEREAS:

      A.      Beginning on November 27, 2007, the following four class actions were filed in the United States District Court for the Southern District of California alleging violations of the federal securities laws:  *HCL Partners Limited Partnership v. Leap Wireless, et al.,* No. 07-CV-2245*, Charek v. Leap Wireless, et al.*, Civ. No. 07-2256, *Campbell v. Leap Wireless, et al.*, No. 07-CV-2297 and *Carmichael v. Leap Wireless, et al.*, Civ. No. 08-0128.  The *Charek* and *Campbell* actions were voluntarily dismissed on January 30, 2008 and May 7, 2008, respectively.

      B.      By Order dated May 22, 2008, the Honorable Barry Ted Moskowitz consolidated the two remaining actions under the double caption, HCL *Partners Limited Partnership v. Leap Wireless International, Inc.,* and *Carmichael v. Leap Wireless International, Inc.* (the "Action").

In this same Order, Judge Moskowitz appointed New Jersey Carpenters Pension and Benefit Funds as Lead Plaintiff and appointed Schoengold Sporn Laitman & Lometti, P.C. ("Schoengold Sporn") as lead counsel ("Lead Counsel") and Glancy Binkow & Goldberg LLP as liaison counsel ("Liaison Counsel").  By order dated May 1, 2009, Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") was substituted as Lead Counsel in place of Schoengold Sporn.

C.    On July 7, 2008, Lead Plaintiff filed the Consolidated Class Action Complaint ("Consolidated Complaint") asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule l0b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC"), against Leap, S. Douglas Hutcheson, Amin I. Khalifa, Grant A. Burton, Michael B. Targoff, John D. Harkey, Roberta V. LaPenta, and PricewaterhouseCoopers LLP (the "Original Defendants").  The Consolidated Complaint did not name as defendants three individuals who previously had been named in the *Charek* and *Campbell* lawsuits, Dean Luvisa, Glenn Umetsu, and Mark Rachesky ("Dropped Defendants").

D.    The Consolidated Complaint alleged that the Original Defendants disseminated (or controlled those who disseminated) materially false and misleading statements and failed to disclose allegedly material facts regarding, among other matters, Leap's revenue recognition practices, material weaknesses in Leap's internal controls, and Leap's true financial condition.

E.    On August 28, 2008, the Original Defendants filed respective motions to dismiss the Consolidated Complaint.  Lead Plaintiff filed a memorandum in opposition to these motions on October 14, 2008, and the Original Defendants filed reply memoranda on November 13, 2008.

F.      In the meantime, on November 10, 2008, the Action was transferred from Judge Moskowitz to Judge Michael M. Anello.

G.      On January 9, 2009, the Court held a hearing on the Original Defendants' motions to dismiss.  Judge Anello granted the motions to dismiss filed on behalf of the Original Defendants without prejudice and with leave to amend.

H.      On March 10, 2009, Lead Plaintiff filed and served the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint") against Leap, S. Douglas Hutcheson, Grant A. Burton and Amin I. Khalifa.

I.       On May 26, 2009, the Defendants filed a motion to dismiss the Second Amended Complaint.  Lead Plaintiff filed a memorandum in opposition to this motion on August 5, 2009 and the Defendants filed their reply memorandum on October 9, 2009.

J.      On October 28, 2009, the Parties participated in a formal mediation conducted by the Honorable Daniel Weinstein (Ret.) of JAMS.  Shortly after this mediation, and as a result thereof, the Parties reached an agreement for the resolution of this Action.

K.      Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law.  Nonetheless, Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense and inconvenience with respect to matters at issue in the Action.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession by any party of any infirmity in the defenses asserted, or any infirmity in the claims asserted.  The Parties to this Stipulation recognize, however, that the Action is being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

L.     Lead Counsel has conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the various complaints filed in the Action. Lead Counsel's investigation and discovery included, *inter alia*: (i) review of Leap's SEC filings; (ii) review of securities analysts' reports and advisories about the Company; (iii) review of wire and press releases published by and regarding the Company; (iv) review of publicly available documents, conference calls and announcements made by Defendants; (v) review of information regularly obtainable on the Internet; (vi) interviews with dozens of witnesses; and (vii) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto.

M.     Lead Plaintiff, by Lead Counsel, has conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

N.     Based upon their investigation, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (i) the benefits that Lead Plaintiff and the members of the Class will receive from the settlement of the Action; (ii) the attendant risks of litigation; (iii) the difficulties, expense and delays inherent in such litigation; (iv) the belief of Lead Plaintiff that the Settlement is fair, reasonable, and adequate, and in the best interest of all Class Members; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit in the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by any Defendant, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective counsel of record, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Persons (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.     As used in this Stipulation, the following terms shall have the following meanings:

(a)     "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim and Release form ("Proof of Claim") to the Claims Administrator.

(b)     "Claims Administrator" means Garden City Group, Inc., which shall administer the Settlement.

(c)     "Class" and "Class Members" means all persons or entities who purchased or acquired the publicly traded common stock of Leap Wireless International, Inc. ("Leap Securities") from August 3, 2006 to December 26, 2007, inclusive.  Excluded from the Class are (1) the Defendants, (2) any officer or director of Leap during the Class Period, (3) any corporation, trust or other entity in which any Defendant has a controlling interest, and (4) members of the immediate families of S. Douglas Hutcheson, Grant A. Burton and Amin I. Khalifa, or their successors, heirs, assigns and legal representatives.  Also excluded from the

Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(d)     "Class Period" means the period of time from August 3, 2006 to December 26, 2007, inclusive.

(e)     "Defendants' Counsel" means counsel of record in the Action for Leap (Latham & Watkins LLP) and counsel of record for the Individual Defendants (Wilson Sonsini Goodrich & Rosati, P.C.).

(f)     "Effective" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation has become Effective as set forth in paragraph 30 below.

(g)     "Escrow Agent" means Eagle Bank.

(h)     "Final" means, with respect to any order of the Court in this Action, including the Judgment, that such order represents a final and binding determination of the issues within its scope and is not subject to further review on appeal or otherwise.   An order shall become Final when (i) no appeal has been filed and the prescribed time for filing an appeal has expired, or (ii) an appeal has been filed and either (a) has been resolved and the time for commencing a further appeal has expired, or (b) the order has been affirmed in all material respects and the time for further appeal has expired.   Any appeal or other proceedings pertaining to the Plan of Allocation or Motion for Attorney's Fees and Reimbursement of Expenses shall not in any way delay or preclude the Judgment from becoming Final.

(i)     "Lead Counsel" means Cohen Milstein Sellers & Toll PLLC.

(j)     "Leap Securities" means publicly traded common stock of Leap.

(k)     "Net Settlement Fund" means the Settlement Amount (as defined below), together with any interest earned thereon, less (i) any Taxes, (ii) any amounts incurred for notice

and/or administration expenses referred to in paragraphs 9 and 12 hereof, and (iii) the attorneys' fees and expenses awarded to Lead Counsel pursuant to any Fee and Expense Application (referred to in paragraph 11 hereof) and approved by the Court.

(l)     "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A, the Order for Notice and Hearing.

(m)     "Order and Final Judgment" means the proposed order to be entered by the Court approving the Settlement substantially in the form attached hereto as Exhibit B.

(n)     "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice of the Settlement Fairness Hearing to the Class substantially in the form attached hereto as Exhibit A.

(o)     "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(p)     "Lead Plaintiff's Counsel" means Lead Plaintiff's court appointed Lead Counsel and Liaison Counsel in the Action.

(q)     "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund to be proposed by Lead Plaintiff and approved by the Court which shall be described in the Notice to be sent to the Class Members in connection with the Settlement.

(r)     "Related Parties" means Leap, the Individual Defendants, the Original Defendants, and the Dropped Defendants, and their respective past or present subsidiaries, parents, successors and predecessors, officers and directors, shareholders, partners, agents, employees, attorneys, insurers, auditors, spouses, and any person, firm, trust, corporation, officer, director or other individual or entity in which Leap, the Individual Defendants, the Original Defendants and the Dropped Defendants, or any of them, has or had a controlling interest or which is related to or affiliated with Leap, the Individual Defendants, the Original Defendants and the Dropped Defendants, or any of them, and the respective legal representatives, heirs, successors in interest or assigns of Leap, the Individual Defendants, the Original Defendants and  the Dropped Defendants, or any of them.

(s)     "Released Persons" means Leap, the Individual Defendants, the Original Defendants, the Dropped Defendants, and their respective Related Parties.

(t)     "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and "Unknown Claims" (as defined below), (1) that have been asserted in this Action by Lead Plaintiff against any of the Released Persons, or (2) that could have been asserted in this Action, or in any other action or forum by Lead Plaintiff and/or members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which relate to the purchase or acquisition of Leap Securities during the Class Period.

Notwithstanding the foregoing, "Released Claims" does not include the claims asserted in shareholder derivative cases based on similar allegations, including but not limited to *Graham v. Hutcheson*, 3:08-CV-0246 (U.S.D.C, S.D. Cal.), and *McBride v. Hutcheson, et al.*, 37-2007-00081584 (San Diego Superior Court).  Additionally, "Released Claims" does not include claims relating to the enforcement of the Settlement.

(u)    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants or their respective Related Parties against the Lead Plaintiff, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims to enforce the Settlement.

(v)    "Settlement" means the settlement embodied by this Stipulation.

(w)    "Settlement Fund" means the principal amount of Thirteen Million Seven Hundred Fifty Thousand Dollars ($13,750,000) in cash (the "Settlement Amount") plus any interest that may accrue thereon as provided herein.

(x)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action for publication substantially in the form attached as Exhibit 3 to Exhibit A, the Order for Notice and Hearing.

(y)    "Unknown Claims" means any and all Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might

10

have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Person shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and the Class Members and Released Persons by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

## STIPULATION OF CLASS CERTIFICATION

2.      The Parties hereto stipulate to the certification, for settlement purposes only, of a Class, as defined above, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The certification of the Class shall be binding only with respect to the Settlement contemplated by this Stipulation and only if the Settlement becomes Final and Effective.

## SCOPE AND EFFECT OF SETTLEMENT

3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Persons and any and all Settled Defendants' Claims.

4.      Upon the Effective Date of this Settlement:

(a)      Lead Plaintiff and each of the Class Members shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every Released Claim, and shall forever be enjoined from prosecuting the Released Claims against any of the Released Persons; and

(b)      Each of the Defendants and their Related Parties shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every Settled Defendants' Claim, and shall forever be enjoined from prosecuting the Settled Defendants' Claims against Lead Plaintiff and other Class Members.

## THE SETTLEMENT CONSIDERATION

5.      Within ten (10) calendar days of the Order for Notice and Hearing, Leap and its directors' and officers' insurers shall pay or cause to be paid $200,000 of the Settlement Amount into an interest-bearing escrow account on behalf of Lead Plaintiff and the Class, designated and controlled by Lead Counsel, which Lead Plaintiff may use to pay amounts incurred by Lead Plaintiff and Lead Plaintiff's Counsel for notice and administration of the Settlement ("Notice and Administration Costs").  Lead Counsel shall seek Court approval for reimbursement from the Settlement Fund of any Notice and Administrative costs it has incurred in excess of $200,000.

6.      Within fifteen (15) days after execution of the Order for Notice and Hearing, Leap and its directors' and officers' insurers shall pay the remaining Settlement Amount into an interest-bearing escrow account designated and controlled by Lead Counsel on behalf of Lead Plaintiff and the Class.

7.     The Settlement will be non-recapture, *i.e.*, it is not a claims-made settlement. Defendants have no ability to keep or recover any of the settlement monies unless the Settlement does not become Effective.

8.     (a)     The Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in paragraph 9 hereof, (ii) the attorneys' fee and expense award referred to in paragraph 11 hereof, and (iii) the remaining administration expenses referred to in paragraph 12 hereof.   The balance of the Settlement Fund after the above payments shall be the Net Settlement Fund which shall be distributed to the Authorized Claimants as provided in paragraphs 13-24 hereof.   Any sums required to be held in escrow hereunder prior to the Effective Date shall be deposited by Lead Counsel in an account with the Escrow Agent.   All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the person(s) paying the same pursuant to this Stipulation and/or further order of the Court.   The Escrow Agent, upon instructions from Lead Counsel, shall invest any funds in excess of $150,000 in short term United States Agency or Treasury Securities, and shall collect and reinvest all interest accrued thereon.   Any funds held in escrow in an amount of less than $150,000 may be held in an interest-bearing bank account insured by the FDIC.   The Parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that, upon instructions from Lead Counsel, the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.   Defendants agree to

reasonably cooperate with the Claims Administrator and Lead Counsel to provide information available to them that is needed for filing tax returns for the Settlement Fund and will give their consent to the Settlement Fund's filing of any relation back election.

(b)     All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively, "Taxes") shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Claims Administrator and Lead Counsel without prior order of the Court.  The Defendants and Released Persons shall have no liability or responsibility for the payment of any Taxes.  The Settlement Fund shall indemnify and hold the Released Persons harmless for any Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

## ADMINISTRATION

9.     The Claims Administrator shall administer the Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court.  The Released Persons shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund, except for Defendants' obligation to cause their insurance carriers to pay the Settlement Amount, as provided herein, and except for Leap's obligation within ten (10) business days of the Court's execution of the Order for Notice and Hearing to make its transfer records and shareholder information available to Lead Counsel or their agent to the extent necessary to identify and give notice to the Class.  Lead Counsel shall cause the Claims Administrator to provide notice to the Class within thirty (30) calendar days after the Court's execution of the Order for Notice and Hearing.

10.     The Settlement Fund shall be applied to pay all reasonable costs and expenses of notice to members of the Class and administration of the Settlement Fund, escrow fees, Taxes, custodial fees and expenses incurred in connection with processing Proofs of Claim or distributing the Settlement Fund from the Settlement Fund.  After entry of the Order for Notice and Hearing, and prior to Final Approval, up to $200,000 may be disbursed from the Settlement Fund without further approval of the Court.  Upon the Effective Date, Lead Counsel may pay from the Settlement Fund the costs and expenses associated with the administration of the Settlement and the processing of submitted claims in excess of $200,000, upon Court approval.

## ATTORNEYS' FEES AND EXPENSES

11.     Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and reimbursement of costs and expenses (the "Fee and Expense Application"), plus interest earned in the Settlement Fund on both amounts.  Such attorneys' fees and expenses, as are awarded by the Court, shall be paid from the Settlement Fund to Lead Counsel immediately upon the Court's execution of the Order and Final Judgment, notwithstanding the existence of any timely-filed objections thereto, potential for appeal therefrom, or any collateral attack on the Settlement or any part thereof, subject to the obligation of Lead Plaintiff's Counsel to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the rate paid on the Settlement Fund by the financial institution holding it, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed.  Defendants will take no position with respect to Lead Counsel's Fee and Expense Application, or any request for an award to the Lead Plaintiff (if any such request is made), and such matters are not the subject of any agreement between the Parties other than what is already set forth above in this paragraph.  The procedure for and the allowance

or disallowance of any application for attorneys' fees and expenses are matters separate and apart from the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating solely to an award of attorneys' fees and expenses, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Settlement or to affect or delay the finality of the final judgment approving the Settlement.

## ADMINISTRATION EXPENSES AND DISTRIBUTION ORDER

12.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

13.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice attached hereto as Exhibit 1 to Exhibit A, the Order for Notice and Hearing, or in such other Plan of Allocation as the Court approves).

14.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved. Defendants will take no position with respect to such proposed Plan of Allocation or such plan as may be approved by the Court.

15.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.

16.     The Defendants shall not have any responsibility for or liability, or any rights or claims, whatsoever with respect to: (i) any act, omission or determination of Lead Plaintiff's Counsel, the escrow agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

17.     Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any Released Persons concerning the Released Claims.

18.     The Claims Administrator and Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

19.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (see Exhibit 2 to Exhibit A, the Order for Notice and Hearing), supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below.  Lead Counsel will submit the Claims Administrator's recommendations to the Court;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate

18

with the claimant in order to remedy the curable deficiencies in the Proofs of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The Claims Administrator's recommendations accepting and rejecting claims shall be presented to the Court for its approval in the Class Distribution Order.

20.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

21.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be

barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

22.     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

23.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court; and (iv) all costs of administration have been paid.

24.     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that

such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, (b) second to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court, and (c) finally, to be distributed as recommended by Lead Counsel and approved by the Court.

### TERMS OF ORDER FOR NOTICE AND HEARING

25.     Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Lead Plaintiff's Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

### TERMS OF ORDER AND FINAL JUDGMENT

26.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

### RIGHT OF EXCLUSION AND OBJECTION

27.     Any Person may seek to be excluded from the Class and the Settlement provided for by this Stipulation by submitting a written request for exclusion ("Request for Exclusion"). Any Request for Exclusion must be postmarked or received by the Claims Administrator no later than fourteen (14) calendar days before the Settlement Fairness Hearing date set by the Court. Lead Counsel and its Claims Administrator shall notify Defendants' Counsel of any Request for Exclusion and provide copies thereof to Defendants' Counsel promptly, and in no event later than ten (10) days prior to the Settlement Fairness Hearing date.  Any Class Member so excluded shall not be bound by the terms of the Stipulation, nor entitled to any of its benefits, and shall not

be bound by any Order and Final Judgment and/or other order of the Court entered herein, whether pursuant to this Stipulation or otherwise.

28.     Any Class Member who does not exclude himself, herself or itself from the Class and the Settlement shall have the right to submit written objections concerning the Settlement, Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, which objections shall state all of the reasons for the objection(s).  Any written objection(s), and any briefs, affidavits or other evidence submitted in support thereof must be filed with the Clerk of the Court fourteen (14) calendar days before the date established by the Court for the Settlement Fairness Hearing.  All persons and/or entities desiring to attend the Settlement Fairness Hearing and be heard as objectors must have filed written objections as provided herein, as a condition of appearing and being heard at such hearing.  Any Class Member who does not timely file written objections to the Settlement pursuant to this paragraph and the Notice shall not be permitted to object to the Settlement at the Settlement Fairness Hearing, and shall be foreclosed from objecting to, challenging or otherwise seeking review of the Settlement by appeal or otherwise, in this Action or in any other action.

29.     To retract or withdraw a Request for Exclusion, a Person must file a written notice with the Claims Administrator stating the Person's desire to retract or withdraw his, her, or its Request for Exclusion and that Person's desire to be bound by any judgment or settlement in this Action; provided, however, that the filing of such written notice may be effected by Lead Counsel.  Lead Counsel shall promptly notify Defendants' Counsel of any retraction or withdrawal of a Request for Exclusion, and provide a copy thereof, at least two (2) days prior to the Settlement Fairness Hearing date.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

30.    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)        funding in conformity with paragraphs 5 and 6;

(b)        entry of the Order for Notice and Hearing in all material respects in the form annexed hereto as Exhibit A;

(c)        approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)        entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit B annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

31.    Defendants' Counsel or Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) the Court's declining to enter the Order for Notice and Hearing in any material respect; (b) the Court's declining to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Ninth Circuit or the

United States Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Ninth Circuit or the United States Supreme Court.

32.     If, prior to the Settlement Fairness Hearing, any Persons who otherwise would be members of the Settlement Class have timely requested exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Order for Notice and Hearing and the Notice given pursuant thereto, and such Persons in the aggregate purchased or acquired a number of shares of Leap common stock during the relevant time periods in an amount greater than the sum specified in a separate "Supplemental Stipulation" between Lead Plaintiff and Leap, Leap shall have, in its sole and absolute discretion, the option to terminate this Stipulation on behalf of all Parties in accordance with the procedures set forth in the Supplemental Stipulation.  The Lead Plaintiff shall also have the right to seek a retraction of any Request for Exclusion pursuant to the Supplemental Stipulation.  The Supplemental Stipulation will not be filed with the Court.  If required by the Court, the Supplemental Stipulation and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Stipulation, particularly the threshold aggregate number of shares.

33.     An order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiff or Lead Plaintiff's Counsel shall not constitute grounds for cancellation or termination of this Stipulation or the Settlement.

34.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the Parties to this Stipulation shall be deemed to

have reverted to their respective litigation positions as of November 13, 2009 and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid or caused to be paid by Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, and less the costs of administration and notice actually incurred whether paid or not paid, shall be returned, within ten (10) business days, directly to the entities that funded the settlement amounts and that notice of such return of funds be made to the undersigned counsel for the respective Parties.

## NO ADMISSION OF WRONGDOING

35.     This Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, the Defendants, any member of the Class, or any Released Person, or other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, any present or former security holder of Leap, or any other person or entity, has or has not suffered any damage, **except that** the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## **MISCELLANEOUS PROVISIONS**

36.     All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

37.     After the filing of this Stipulation but before distribution of any portion of the Settlement Fund, if a case is commenced in respect of any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by other Defendants, then, at the election of Lead Counsel, Lead Counsel may move the Court to vacate and set aside the releases given and Order and Final Judgment entered in favor of such Defendant pursuant to this Stipulation, which releases and Order and Final Judgment shall be null and void; Defendants shall take no position with respect to such motion; and the Parties shall be restored to their respective positions in the Action immediately prior to the execution of this Stipulation and any cash amounts in the Settlement Fund shall be returned to the persons or entities that paid such amounts, as provided above.

38.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Persons with respect to the Released Claims.  Accordingly, Lead Plaintiff, on behalf of themselves and the Class, and Defendants agree not to assert in any forum that the Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil

Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

39.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

40.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

41.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

42.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

43.     This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

44.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

45.     This Stipulation is binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns.

46.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to any choice of law provision, except to the extent that federal law requires that federal law governs.

47.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

48.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

49.     Lead Plaintiff's Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

50.     The Parties agree that the mediator for the Action, the Hon. Daniel Weinstein (Ret.), shall continue to assist them with any disputes over the terms of the Settlement until such time as the Court grants preliminary approval.

[SIGNATURES OF COUNSEL ON NEXT PAGE]

28

1

Dated:  February 17, 2010

2

Andy Sohrn

3

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy

4

Andy Sohrn

5

1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

6

Telephone: (310) 201-9150
Facsimile: (310) 201-9160

7

*Liaison Counsel*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Dated:  February 17, 2010

Joel P. Laitman

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Joel P. Laitman
Christopher Lometti
Daniel B. Rehns
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600

*Lead Counsel for the Class and*
*Attorneys for the Lead Plaintiff New Jersey*
*Carpenters Pension and Benefit Funds*

Dated:  February 17, 2010

Pamela S. Palmer

**LATHAM & WATKINS, LLP**
Miles Ruthberg
Pamela S. Palmer
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

Kimberly Arouh Hicks
600 West Broadway, Suite 1800
San Diego, CA 92101-3375
Telephone:  (619) 236-1234
Facsimile:  (619) 696-7419

*Counsel for Defendant Leap Wireless International, Inc.*

Dated:  February 18, 2010

Diane M. Walters

**WILSON SONSINI GOODRICH & ROSATI**
Keith E. Eggleton
Diane M. Walters
L. David Nefouse
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Counsel for Defendants S. Douglas Hutcheson, Grant A. Burton and Amin I. Khalifa*

## PROOF OF SERVICE BY ELECTRONIC POSTING
## AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On, February 18, 2010, I caused to be served the following documents on each ECF-registered party in the Action by posting such documents electronically to the ECF website of the United States District Court for the Southern District of California:

 1) LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT (Exhibit: Preliminary Approval Order);
 2) LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT;
 3) STIPULATION OF SETTLEMENT with Exhibits.

and upon all others not so-registered but instead listed below:

Frank R. Schirripa
Joel P. Laitman
Scheongold Sporn Laitman & Lometti, PC
19 Fulton Street
Suite 406
New York, NY 10038

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2010, at Los Angeles, California.

*s/Andy Sohrn*
Andy Sohrn