LIONEL Z. GLANCY (#134180)
ANDY SOHRN (#241388)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160/E-mail: info@glancylaw.com

*Liaison Counsel*

JOEL P. LAITMAN (JL-8178)
CHRISTOPHER LOMETTI (CL-9124)
DANIEL B. REHNS (DR-5506)
COHEN MILSTEIN SELLERS & TOLL PLLC
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797

*Lead Counsel for the Class*
*and Attorneys for the Lead Plaintiff New Jersey*
*Carpenters Pension and Benefit Funds*

*[Additional Counsel Appear on Signature Page]*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HCL PARTNERS LIMITED PARTNERSHIP, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LEAP WIRELESS INTERNATIONAL, INC., S. DOUGLAS HUTCHESON, GRANT A. BURTON and AMIN I. KHALIFA,<br><br>Defendants. | CLASS ACTION<br><br>LEAD CASE NO. 07-CV-2245 MMA<br><br>Consolidated with Case No. 08-CV-0128 MMA<br><br>The Honorable Michael M. Anello<br><br>Date:   April 5, 2010<br>Time:  2:30 p.m.<br>Courtroom 5, Third Floor |

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                      Page 1

| | |
|---|---|
| KENT CARMICHAEL, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>LEAP WIRELESS INTERNATIONAL, INC. S. DOUGLAS HUTCHESON, MARK H. RACHESKY, AMIN I. KHALIFA and DEAN M. LUVISA,<br><br>                              Defendants. | Case No. 08-CV-0128 MMA |

## LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                      Page 2

# TABLE OF CONTENTS

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     FACTUAL AND PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      Description of the Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.      Reasons for the Settlement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      The Settlement Meets All the Criteria Necessary for this Court to Grant
                Preliminary Approval. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      The Settlement Agreement Resulted from Arm's Length Negotiations. . . . . . . . 5

        C.      The Stage of the Proceedings Support Approval of The Settlement. . . . . . . . . . 6

        D.      The Settlement Confers a Substantial Benefit. . . . . . . . . . . . . . . . . . . . . . . . 7

        E.      Submission of the Settlement to the Class is Appropriate. . . . . . . . . . . . . . . . . 7

        F.      The Class Should be Certified for Settlement Purposes. . . . . . . . . . . . . . . . . . 8
                1.      Numerosity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                2.      Commonality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
                3.      Typicality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
                4.      Adequacy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                5.      Common Questions of Law Predominate and a Class Action is the
                        Superior Method of Adjudication. . . . . . . . . . . . . . . . . . . . . . . 12

IV.     PROPOSED SCHEDULE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V.      CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                      Page i

# TABLE OF AUTHORITIES

## CASES

*Alfus v. Pyramid Tech. Corp.,*
    764 F. Supp. 598 (N.D. Cal. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Amchem Prods. Inc. v. Windsor,*
    521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Armstrong v. Board of School Directors,*
    616 F.2d 305 (7th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Armstrong v. Board of School Directors,*
    616 F.2d 305 (7th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Atlas v. Accredited Home Lenders Holding Co.,*
    2009 U.S. Dist. LEXIS 103035 (S.D. Cal Nov. 2, 2009). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Class Plaintiffs v. Seattle,*
    955 F.2d 1268 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Danis v. USN Commc'ns, Inc.,*
    189 F.R.D. 391 (N.D. Ill. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Detroit v. Grinnell Corp.,*
    495 F.2d 448 (2d Cir. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Eisenberg v. Gagnon,*
    766 F.2d 770 (3d Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fisher Bros. v. Cambridge-Lee Indus., Inc.,*
    630 F. Supp. 482 (E.D. Pa. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Girsh v. Jepson,*
    521 F.2d 153 (3d Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                        Page ii

*Harris v. Palm Springs Alpine Estates, Inc.,*
    329 F.2d 909 (9th Cir. 1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Cirrus Logic Sec.,*
    155 F.R.D. 654 (N.D. Cal. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Delphi Corp. Sec. Litig.,*
    248 F.R.D. 483 (E.D. Mich 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.,*
    1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992). . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Intelcom Group Sec. Litig.,*
    169 F.R.D. 142 (D. Colo. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*In re Wireless Facilities, Inc.,*
    253 F.R.D. 630 (S.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Inter-Op Hip Prosthesis Liab. Litig.,*
    204 F.R.D. 359 (N.D. Ohio 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kirkorian v. Borelli,*
    695 F. Supp. 446 (N.D. Cal. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lerwill v. Inflight Motion Pictures, Inc.,*
    582 F.2d 507 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Officers for Justice,*
    688 F.2d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.,*
    611 F. Supp. 990 (C.D. Cal. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferrv v. Anderson, Inc.,*
    390 U.S. 414 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Reed v. GMC,*
    703 F.2d 170 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schwartz v. Harp,*
    108 F.R.D. 279 (C.D. Cal. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd          Page iii

*Shaffer v. Cont'l Cas. Co.,*
    2010 U.S. App. LEXIS 726 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wehner v. Syntex Corp.,*
    117 F.R.D. 641 (N.D. Cal. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Weinberger v. Kendrick,*
    698 F.2d 61 (2d Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## RULES & STATUTES

15 U.S.C. § 78t(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. §§ 78j(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C.A. §78u-4(a)(7)(A)-(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rules of Civil Procedure
    Rule 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

Federal Rules of Civil Procedure
    Rule 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 12, 13

Federal Rules of Civil Procedure
    Rule 23(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rules of Civil Procedure
    Rule 23(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Civil Procedure
    Rule 23(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Civil Procedure
    Rule 23(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Civil Procedure
    Rule 23(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 13

Federal Rules of Civil Procedure
    Rule 23(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd          Page iv

Federal Rules of Civil Procedure
        Rule 23(c)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure
        Rule23(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Private Securities Litigation Reform Act
        ("PSLRA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Securities Exchange Act of 1934 (the "Exchange Act")
        §10(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Securities Exchange Act of 1934
        § 20(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Securities Exchange Commission
        Rule l0b-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


**OTHER AUTHORITIES**

1 Herbert B. Newberg,
        *Newberg on Class Actions* § 3.22 (2d ed. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5 James Wm. Moore.,
        *Moore's Federal Practice*, ¶ 23.83[1] (3d ed. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . 4

Alba Conte & Herbert Newberg
        *Newberg on Class Actions*, §8.2 (4th ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Manual for Complex Litigation,*
        § 21.633 (4th ed. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Manual for Complex Litigation*
        § 30.41 (3d ed. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                    Page v

Lead Plaintiff New Jersey Carpenters Pension and Benefit Funds ("Lead Plaintiff") respectfully submits this Memorandum of Law in support of its unopposed motion for entry of an order (i) granting preliminary approval of the proposed Settlement set forth in the Stipulation of Settlement; (ii) approving the form and manner of giving notice of the proposed Settlement to the Class; (iii) certifying the proposed Class for purposes of settlement, and (iv) setting a hearing date for final approval of the Settlement and all its terms and elements, including the proposed Plan of Allocation (the "Settlement Fairness Hearing").

## I.    INTRODUCTION

The proposed Settlement now submitted to the Court for preliminary approval provides for the payment of thirteen million seven hundred fifty thousand dollars ($13,750,000.00) in cash (the "Settlement Fund") for the benefit of the class. As discussed in detail below, Lead Plaintiff and its counsel ("Lead Counsel") submit that the proposed settlement is in the best interests of the Class and represents a significant recovery, particularly in light of the risks of further litigation.  Accordingly, Lead Plaintiff respectfully moves for preliminary approval and submits this Memorandum of Law in support of the proposed Settlement.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Description of the Action

Beginning on November 27, 2007, the following four class actions were filed against Defendants in the United States District Court for the Southern District of California alleging violations of the federal securities laws: *HCL Partners Limited Partnership v. Leap Wireless, et al.,* No. 07-CV-2245, *Charek v. Leap Wireless, et al.*, Civ. No. 07-2256, *Campbell v. Leap Wireless, et al.,* No. 07-CV-2297 and *Carmichael v. Leap Wireless, et al.,* Civ. No. 08-0128.  The *Charek* and *Campbell* actions were voluntarily dismissed on January 30, 2008 and May 7, 2008, respectively.

By Order dated May 22, 2008, the Honorable Barry Ted Moskowitz consolidated the two remaining actions under the double caption, *HCL Partners Limited Partnership, v. Leap Wireless International, Inc., et al.,* and *Carmichael v. Leap Wireless International, Inc, et al.,* Civ. No. 08-0128 (the "Action").  In this same Order, Judge Moskowitz appointed New Jersey Carpenters

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                 Page 1

1   Pension and Benefit Funds as Lead Plaintiff and appointed Cohen Milstein Sellers & Toll PLLC

2   ("Cohen Milstein") as lead counsel ("Lead Counsel") and Glancy Binkow & Goldberg LLP as

3   liaison counsel ("Liaison Counsel").

4          On July 7, 2008, after extensive research and investigation, Lead Plaintiff filed the

5   Consolidated Class Action Complaint ("Consolidated Complaint") asserting claims under §§ 10(b)

6   and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and

7   78t(a), and Rule l0b-5 promulgated thereunder by the United States Securities and Exchange

8   Commission (the "SEC"), against Leap, S. Douglas Hutcheson, Amin I. Khalifa, Grant A. Burton,

9   Michael B. Targoff, John D. Harkey, Roberta V. LaPenta, and PricewaterhouseCoopers LLP (the

10   "Original Defendants"). The Consolidated Complaint did not name as defendants three individuals

11   who previously had been named in the *Charek* and *Campbell* lawsuits, Dean Luvisa, Glenn Umetsu,

12   and Mark Rachesky ("Dropped Defendants").

13          The Complaint alleged that these defendants disseminated (or controlled those who

14   disseminated) materially false and misleading statements and failed to disclose material facts

15   regarding Leap's revenue recognition practices, weak internal controls and Leap's accurate financial

16   condition.

17          On August 28, 2008, the Original Defendants filed motions to dismiss the Complaint.

18   Plaintiff filed a memorandum in opposition to these motions on October 14, 2008, and the Original

19   Defendants filed their reply memoranda on November 13, 2008.[1]   On January 9, 2009, the Court

20   held a hearing on the Original Defendants' motions to dismiss. During that hearing, Judge Anello

21   granted the motions to dismiss filed by the Original Defendants without prejudice.

22          On March 10, 2009, Lead Plaintiff filed and served its Second Consolidated Amended Class

23   Action Complaint (the "Second Amended Complaint") against Leap, S. Douglas Hutcheson, Grant

24   A. Burton and Amin I. Khalifa (collectively, the "Defendants").

25          On May 26, 2009, the Defendants filed a joint motion to dismiss the Second Amended

26

27       [1]In the meantime, on November 10, 2008, the Action was transferred from the calendar of
the Honorable Barry Ted Moskowitz to the calendar of the Honorable Michael M. Anello.

28

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                            Page 2

1  Complaint.  Lead Plaintiff filed a memorandum in opposition to this motion on August 5, 2009 and

2  Defendants filed their reply memorandum on October 9, 2009.

3        On October 28, 2009, the Parties participated in a formal mediation conducted by the

4  Honorable Daniel Weinstein (Ret.) of JAMS.  Shortly after this mediation, and as a result thereof,

5  the Parties agreed to a resolution of this Action.

6        **B.      Reasons for the Settlement**

7        Lead Plaintiff, by and through Lead Counsel, engaged in litigation through two rounds of

8  motions to dismiss and amended complaints, and substantial arm's-length negotiations with counsel

9  for Defendants.  All of this work ultimately led to the Settlement now proposed.  Lead Plaintiff has

10  conducted a thorough investigation of their allegations, which included extensive interviews with

11  key witnesses and review of public documents, and work with an expert to arrive at a detailed

12  damages analysis.  Therefore, Lead Plaintiff has entered into this Settlement with an in-depth

13  understanding of the strengths and weaknesses of their claims and the damages allegedly suffered

14  by the Class, as well as the details and viability of the defenses put forward by the Defendants.  The

15  Settlement represents a substantial all-cash fund for the Class and will eliminate the significant risk

16  that a decision on the pending motion to dismiss and continued litigation might result in a small

17  recovery or possibly no recovery at all.

18        Although Defendants have denied and continue to deny each and all of the claims and

19  contentions alleged by Lead Plaintiff, they have agreed to the Settlement for the reasons set forth in

20  the Stipulation.

21        Based upon the foregoing, Lead Plaintiff and Lead Counsel submit that the settlement is fair,

22  adequate and reasonable and that it warrants preliminary approval by the Court.

23  **III.   ARGUMENT**

24        **A.      The Settlement Meets All the Criteria Necessary for this Court to Grant
                    Preliminary Approval**

25

26        According to the *Manual for Complex Litigation,* the process for approving a class action

27  settlement:

28
---
LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                    Page 3

1

2   Involves a two-step process.  First, counsel submit the proposed terms of the
    settlement and the court makes a preliminary fairness evaluation.…If the preliminary
3   evaluation of the proposed settlement does not disclose grounds to doubt its fairness
    or other obvious deficiencies … the court should direct that notice under Rule 23(c)
4   be given to the class members of a formal fairness hearing, at which arguments and
    evidence may be presented in support of and in opposition to the settlement.

5

6   § 30.41, at 236-37 (3d ed. 1995).

7

8          By this motion, Lead Plaintiff requests that the Court take the first step in the process, and

9   preliminarily approve the proposed Settlement and allow Notice of the Settlement and of the Final

10  Approval hearing to be sent to Class Members.  Lead Plaintiff asks the Court to enter the proposed

11  Order for Notice and Hearing ("Notice Order"), attached as Exhibit A to the Settlement Stipulation

12  separately submitted herewith.

13         Under Rule23(c) of the Federal Rules of Civil Procedure, before a class action may be

14  dismissed or compromised, notice of the proposed dismissal or compromise must be given in the

15  manner directed by the court, and judicial approval must be obtained.  The issue of whether a

16  proposed settlement should be approved is within the sound discretion of the district court, which

17  should be exercised in the context of public policy strongly favoring the pretrial settlement of class

18  action lawsuits.  *See Shaffer v. Cont'l Cas. Co.,* Civ. No. 08-56124, 2010 U.S. App. LEXIS 726, *3

19  (9th Cir. 2010); *Class Plaintiffs v. Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992).

20         Preliminary approval does not require the Court to make a final determination that a

21  settlement is fair, reasonable and adequate.  Rather, that decision is made only at the final approval

22  stage, after notice of the settlement has been given to class members.  *See* 5 James Wm. Moore.,

23  *Moore's Federal Practice* ¶ 23.83[1], 23-336.2 to 23-339 (3d ed. 2001).  In considering a potential

24  settlement, the Court need not reach any ultimate conclusions on the issues of fact and law that

25  underlie the merits of the dispute, *Detroit v. Grinnell Corp.,* 495 F.2d 448, 456 (2d Cir. 1974), and

26  need not engage in a trial on the merits. *Officers for Justice,* 688 F.2d at 625. Preliminary approval

27  of a settlement should be granted if the proposed settlement falls within the range of what could be

28

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                    Page 4

1  found "fair, adequate and reasonable" so that notice may be given to the proposed class and a hearing

2  for final approval can be scheduled. *Id.; Class Plaintiffs,* 955 F.2d at 1276.

3          As outlined in the proposed Notice Order, if preliminary approval is granted, Lead Plaintiff

4  will notify Class Members of the Settlement by mailing the Notice and Proof of Claim to them. The

5  Notice advises Class Members of the essential terms of the Settlement, of information regarding

6  Lead Counsel's fee and expense application, and of the proposed plan for allocating the Settlement

7  proceeds among Class Members. It also sets forth the procedure for objecting to the Settlement or

8  opting out of the Class, and notifies Class Members of the date, time and place of the Settlement

9  Fairness Hearing. The proposed Notice plan also requires that Lead Plaintiff publish the Summary

10  Notice.

11          As summarized below, preliminary approval of the Settlement should be granted because it

12  is well within the range of possible approval.

13          **B.    The Settlement Agreement Resulted from Arm's Length Negotiations**

14          There is an initial presumption that a proposed settlement is fair and reasonable when it is

15  the result of arm's-length negotiations. This Settlement is the result of arm's-length negotiations by

16  experienced counsel and was reached only after Lead Counsel diligently prosecuted the claims of

17  the Class. Based upon Lead Counsel's familiarity with the factual and legal issues of this Action, the

18  investigation they performed and discovery work they completed, and their work preparing for and

19  participating in the mediation, and urging their positions on the mediator and Defense Counsel, they

20  were ultimately able to negotiate a very good result for the Class. This result also takes into account

21  the defenses of Defendants, and the risks that the Action might not survive the pending motion to

22  dismiss, a potential motion for summary judgment or that Lead Plaintiff would not prevail at trial

23  or upon appeal.

24          Courts recognize that the opinion of experienced counsel supporting the settlement is entitled

25  to considerable weight. *See, e.g., In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.,* MDL

26  Docket No. 901, 1992 U.S. Dist. LEXIS 14337, *8 (C.D. Cal. June 10, 1992) (finding belief of

27  counsel that the proposed settlement represented the most beneficial result for the class to be a

28

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                      Page 5

compelling factor in approving settlement).[2]    Here, Lead Counsel has extensive experience in securities litigation, and believes that this Settlement is fair, reasonable and adequate in light of the circumstances of this Action.

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "'the terms of the compromise with the likely rewards of litigation.'" *Weinberger,* 698 F.2d at 73 (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, Inc.,* 390 U.S. 414, 424-25 (1968)). An evaluation of the costs and benefits of settlement must also be tempered by recognizing that any compromise involves concessions on the part of all of the settling parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice,* 688 F.2d at 624 (citation omitted). Here, $13,750,000 has been obtained for the Class, early in the litigation, and the Settlement allows the Class Members to receive benefits now and completely avoid the delay and risks that would come from continued litigation. In addition, there is no certainty that Lead Plaintiff would prevail on the pending motion to dismiss, or at trial, which would only occur after a long and invasive discovery process. The proposed Settlement eliminates these and many other risks of continued litigation.

## C.    The Stage of the Proceedings Support Approval of The Settlement

"'[T]he stage of the proceedings'" is another factor considered by courts when determining the fairness of a settlement. *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975) (citation omitted). Here, Lead Counsel conducted a thorough investigation of the facts and circumstances, having interviewed more than a half dozen witnesses, reviewed thousands of pages of publicly-filed documents and had consulted with damages experts, prior to the execution of the Stipulation. There can be no question that at the time the Settlement was reached, Lead Counsel had a clear view of the

---

[2]*See also Kirkorian v. Borelli,* 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. GMC,* 703 F.2d 170, 175 (5th Cir. 1983); *Weinberger v. Kendrick,* 698 F.2d 61, 74 (2d Cir. 1982); *Armstrong v. Board of School Directors,* 616 F.2d 305, 325 (7th Cir. 1980); *Fisher Bros. v. Cambridge-Lee Indus., Inc.,* 630 F. Supp. 482, 489 (E.D. Pa. 1985).

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                 Page 6

1   strengths and weaknesses of the Class's claims.

2       Thus, the proposed Settlement is the product of serious, informed, non-collusive negotiations,

3   and well within the range of possible approval and does not have any obvious deficiencies.

4   Therefore, preliminary consideration of the applicable factors for granting final approval of class

5   action settlements lends support to Lead Plaintiff's belief that this Settlement is well "within the

6   range of possible approval." *Armstrong v. Board of School Directors,* 616 F.2d 305, 310 (7th Cir.

7   1980).

8       **D.    The Settlement Confers a Substantial Benefit**

9       Under the terms of the Settlement, Defendants have agreed to create a fund consisting of

10  $13.75 million in cash to be allocated among Class Members after deduction for Court-approved fees

11  and expenses. This is a significant recovery, particularly in light of the risks of continued litigation.

12  If the litigation had continued, Lead Plaintiff faced substantial risks, including establishing a strong

13  inference of scienter on the part of Defendants in Plaintiff's Second Amended Complaint, not to

14  mention Defendants liability and the Class's full amount of damages later on at summary judgment

15  or trial. Further, continued litigation would result in significant expense and risk arising from

16  additional amended complaints and further motion practice and potential discovery. This recovery,

17  obtained in the face of the real risk of no recovery at all, particularly supports approval of the

18  Settlement.

19      **E.    Submission of the Settlement to the Class is Appropriate**

20      Rule 23 requires that notice of a settlement be "the best notice practicable under the

21  circumstances, including individual notice to all members who can be identified through reasonable

22  effort." Fed. R. Civ. P. 23(c)(2)(B). *See also* Alba Conte & Herbert Newberg, *Newberg on Class*

23  *Actions,* §8.2 at 162-65 (4th ed. 2002).  In addition, the PSLRA imposes its own requirements for

24  notice: it must state: (i) the amount of the settlement proposed to be distributed to the parties to the

25  action, determined in the aggregate and on an average per-share basis; (ii) if the parties do not agree

26  on the average amount of damages per share that would be recoverable in the event Lead Plaintiff

27  prevailed, a statement from each settling party concerning the issue(s) on which the parties disagree;

28

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                              Page 7

1   (iii) a statement indicating which parties or counsel intend to make an application for an award of

2   attorneys' fees and costs (including the amount of such fees and costs determined on an average

3   per-share basis), and a brief explanation supporting the fees and costs sought; (iv) the name,

4   telephone number, and address of one or more representatives of counsel for the plaintiff class who

5   will be reasonably available to answer questions concerning any matter contained in the notice of

6   settlement published or otherwise disseminated to the class; (v) a brief statement explaining the

7   reasons why the parties are proposing the settlement; and (vi) such other information as may be

8   required by the Court. *See* 15 U.S.C.A. §78u-4(a)(7)(A)-(F).

9          As detailed in the proposed Notice Order, Lead Counsel and the Claims Administrator

10  propose to mail copies of the Notice of Proposed Settlement of Class Action, Motion for Attorneys'

11  Fees and Reimbursement of Expenses and Settlement Fairness Hearing (the "Notice") and the Proof

12  of Claim and Release (which together meet each of the requirements described in the above

13  paragraph) by first class mail to all persons and entities who appear on the transfer records of Leap

14  during the Class Period.  In addition, Lead Counsel intends to publish a summary notice once in *The*

15  *Investor's Business Daily* and provide a link to the Notice and the Proof of Claim and Release form

16  on the Settlement Administrator's website. Lead Counsel also intends to mail copies of the Notice

17  to the largest banks and brokerage houses requesting that the Notice be sent to all persons and

18  entities for whom they acted as nominee purchaser of Leap securities. The proposed notice program

19  fulfills the requirements of due process because the proposed Notice alerts and informs those

20  members of the Class who can be identified through reasonable efforts of all of the information set

21  forth above.

22          **F.      The Class Should be Certified for Settlement Purposes**

23          The preliminary approval process is also utilized to certify a settlement class when a class

24  has not previously been certified by the court. The Ninth Circuit has long recognized that class

25  actions may be certified for the purpose of settlement only. *Hanlon v. Chrysler Corp.,* 150 F.3d

26  1011, 1019 (9th Cir. 1998). Classes for the purposes of settlement are recognized under the general

27  scheme of Rule 23, provided that the class is eventually determined to meet the certification

28

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                    Page 8

requirements under Rule 23. *Id.* Rule 23(a) sets forth four prerequisites to class certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. In addition, the class must meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; see also *Manual for Complex Litigation,* § 21.633 (4th ed. 2004). Here, the proposed Class is defined in the Stipulation as: "all persons or entities who purchased or acquired the publicly traded common stock of Leap Wireless International, Inc. ("Leap Securities") from August 3, 2006 to December 26, 2007, inclusive." Stipulation, at ¶ 1(c).

Generally, courts have found securities claims to be particularly well-suited for class action status because they allow for the policies behind the securities laws to be enforced in circumstances where there are numerous investors with small individual claims that otherwise would effectively be barred from litigation. *See Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir. 1975). This Action is no exception and, as explained below, the Class satisfies each of the requirements set forth above.

### 1.     Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is impracticable. The Ninth Circuit has stated that "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). Indeed, classes consisting of 25 members have been held to be large enough to justify certification. *See Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.,* 611 F. Supp. 990, 995 (C.D. Cal. 1984); *see also In re Cirrus Logic Sec.,* 155 F.R.D. 654, 656 (N.D. Cal. 1994). Additionally, the exact size of the class need not be known so long as general knowledge and common sense indicate that the class is large. *See Cirrus Logic,* 155 F.R.D. at 656; *see also Schwartz v. Harp,* 108 F.R.D. 279, 281-282 (C.D. Cal. 1985) ("A failure to state the exact number in the proposed class does not defeat class certification, and plaintiff's allegations plainly suffice to meet the numerosity requirement of Rule 23.") (citations omitted).

Here, millions of shares of Leap securities were traded during the Class Period. In addition, beneficial holders of Leap securities are believed to number in the thousands and are geographically

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                    Page 9

located throughout the United States, making joinder of all Class Members impractical. Thus, the numerosity element is satisfied.

### 2.      Commonality

Rule 23(a)(2) is satisfied where the proposed class representatives share at least one question of fact or law with the claims of the prospective class. *Wehner v. Syntex Corp.,* 117 F.R.D. 641, 644 (N.D. Cal. 1987).  Further, there may be varying fact situations among individual members of the class as long as the claims of the plaintiff and other class members are based on the same legal or remedial theory. *Blackie,* 524 F.2d at 902. Here, questions that are common to the proposed  class include, among others:

(i) whether the federal securities laws were violated by Defendants' alleged acts;

(ii) whether the Company's publicly disseminated releases and statements during the Class Period omitted and/or misrepresented material facts;

(iii) whether the market prices of Leap common stock during the Class Period were artificially inflated due to the material nondisclosures and/or misrepresentations complained of herein; and

(iv) whether members of the Class have sustained damages and, if so, what is the appropriate measure of damages.

Securities actions containing common questions such as the ones listed above have repeatedly been held to be prime candidates for class certification. In short, because the core complaint of all Class Members is that they purchased and/or acquired Leap common stock at artificially inflated prices, and suffered damages as a result of the alleged securities violations, the commonality requirement of Rule 23(a)(2) is satisfied. *See In re Wireless Facilities, Inc.,* 253 F.R.D. 630, 635 (S.D. Cal. 2008) (finding "core issue" in a securities litigation to be plaintiffs' acquisition of [defendant's] securities at artificially inflated prices").

### 3.      Typicality

The typicality requirement of Rule 23(a)(3) is satisfied when the claims or defenses of the party or parties representing the class are typical of the claims or defenses of the other class

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                              Page 10

members. *See Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 625 (1997) (common-issues test readily met in securities cases). *See also Atlas v. Accredited Home Lenders Holding Co.,* Civ. No. 07-00488, 2009 U.S. Dist. LEXIS 103035, at *8 (S.D. Cal Nov. 2, 2009). However, differences in the amount of damage, the size or manner of purchase, the nature of the purchaser, and the date of purchase are insufficient to defeat class certification. *See Alfus v. Pyramid Tech. Corp.,* 764 F. Supp. 598, 606 (N.D. Cal. 1991). In other words, typicality exists "even where factual distinctions exist between the claims of the named representative and the other class members." *Danis v. USN Commc'ns, Inc.,* 189 F.R.D. 391, 395 (N.D. Ill. 1999). The typicality requirement recognizes that a class representative "with claims typical of the class will, in pursuing and defending [their] own self-interest in the litigation, be concomitantly advancing or defending the interests of the class." *Dubin v. Miller,* 132 F.R.D. 269, 274 (D. Colo. 1990) (citing 1 Herbert B. Newberg, *Newberg on Class Actions* § 3.22, at 199 (2d ed. 1985)).

Here, Lead Plaintiff's claims and the claims of members of the Class arise from the same alleged conduct by Defendants. Lead Plaintiff alleges that, like the other members of the Class, they purchased and/or acquired Leap securities at prices that were inflated because Defendants, in violation of the federal securities laws, issued false and materially misleading statements and/or omissions during the Class Period. The proof that Lead Plaintiff would present to establish their claims would also prove the claims of the rest of the Class. *In re Intelcom Group Sec. Litig.,* 169 F.R.D. 142, 149 (D. Colo. 1996) (finding typicality in securities class action where major issue presented was "whether the Defendants have violated the federal securities laws"). Further, Lead Plaintiff is not subject to any unique defenses that could make them an atypical member of the Class. Therefore, Lead Plaintiff respectfully submits that the Court should find that their claims are typical of the claims of the Class.

### 4.  Adequacy

A representative party satisfies Rule 23(a)'s adequacy requirement by showing that it will fairly and adequately protect the interests of the class. To satisfy this requirement, the proposed class representative must be free of interests that are antagonistic to the other members of the class, and

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                 Page 11

counsel representing the class must be qualified, experienced and capable of conducting the litigation. *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978) (citation omitted); *Hanlon,* 150 F.3d at 1020.

Here, as described above, Lead Plaintiff has claims that are typical of and coextensive with those of the Class. Lead Plaintiff, like all Class Members purchased or acquired Leap securities at artificially inflated prices during the Class Period as a result of the Defendants' alleged materially false and misleading statements and/or omissions, and was allegedly damaged thereby.  Further, Lead Plaintiff has retained counsel highly experienced in securities class action litigation, who has successfully prosecuted many securities and other complex class actions throughout the United States. Thus, Lead Plaintiff is an adequate representative of the proposed Class, and its counsel is qualified, experienced and capable of prosecuting this action, in satisfaction of Rule 23(a)(4).

### 5. Common Questions of Law Predominate and a Class Action is the Superior Method of Adjudication

Finally, in addition to the four requirements of Rule 23(a), a class must also satisfy one of the three subparts of Rule 23(b). Here, little question exists that a class action is superior to other available methods for litigation of the claims asserted here, as required by Rule 23(b)(3). To ensure that the class action is more efficient than individual actions, Rule 23(b) requires that common issues predominate over issues that are particular to a class representative. Generally, common questions will predominate if the common issue constitutes a significant part of each of the class members' individual cases. "[C]ommon issues need only predominate, not outnumber individual issues." *In re Delphi Corp. Sec. Litig.,* 248 F.R.D. 483, 495 (E.D. Mich 2008) (quoting *Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 359, 374-75 (N.D. Ohio 2001). Further, "the superiority of class actions in large securities fraud [matters] is well recognized." *Intelcom,* 169 F.R.D. at 149.

The predominance test is met in this Action: the same set of operative facts and a single proximate cause applies to each Class Member.  Further, the fact that a class action is the superior method to efficiently and effectively pursue the claims alleged here is shown by the fact that if Lead Plaintiff and each of the Class Members were to bring individual actions, they each would be

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                    Page 12

required to prove the same wrongdoing by Defendants to establish liability. *See Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir. 1985) (class actions are a particularly appropriate and desirable means to resolve claims based on securities laws).

In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied. Thus, there are no issues that prevent the Court from certifying the proposed Class for settlement purposes and appointing Lead Plaintiff as the class representative.

## IV.    PROPOSED SCHEDULE

If the Court grants preliminary approval to the proposed Settlement, the Parties respectfully submit the following procedural schedule for the Court's review:

| EVENT | TIME FOR COMPLIANCE |
|---|---|
| Date by which the Claims Administrator shall cause a copy of the Notice and the Proof of Claim to be mailed by first class mail to all Class Members who can be identified with reasonable effort (the "Notice Date"). | 30 calendar days after the Court's entry of the Order for Notice and Hearing (Order for Notice and Hearing, ¶ 9) |
| Deadline for publishing Summary Notice in *the Investor's Business Daily* | 10 calendar days after the Notice Date (Order for Notice and Hearing, ¶ 11) |
| Deadline for Filing Proofs of Claim | 150 calendar days following the Notice Date (Order for Notice and Hearing, ¶ 15) |
| Filing of memoranda in support of approval of the Settlement or Plan of Allocation and in support of Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses. | 21 days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶ 19) |
| Deadline for Submitting Exclusion Requests or Objections | Not later than 14 calendar days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶¶ 13, 14) |
| Filing of memoranda in response to any objections to the settlement. | 7 days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶ 20) |
| Settlement Fairness Hearing | Approximately 120 days following execution of the Order for Notice and Hearing, or later at the Court's convenience (Order for Notice and Hearing, ¶ 5) |

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                                                    Page 13

1    Certain of the events set forth above are tied to the date on which the Settlement Fairness

2    Hearing will be held, which Lead Plaintiff respectfully requests to be scheduled for approximately

3    120 days after the entry of the proposed Order for Notice and Hearing.  If this schedule is not

4    convenient for the Court, Lead Plaintiff requests that the Court use at least the same or greater

5    intervals between each event listed in the proposed schedule to provide all Parties sufficient time to

6    comply with the proposed Order for Notice and Hearing.

7    **V.    CONCLUSION**

8    For all of the above reasons, Lead Plaintiff respectfully requests that his unopposed Motion

9    for Preliminary Approval of Settlement be approved.

10

11   Dated: February 18, 2010                    /s/ Andy Sohrn
                                                  GLANCY BINKOW & GOLDBERG LLP
12                                                Lionel Z. Glancy (#134180)
                                                  Andy Sohrn (#241388)
13                                                1801 Avenue of the Stars, Suite 311
                                                  Los Angeles, CA  90067
14                                                Telephone: (310) 201-9150
                                                  Facsimile: (310) 201-9160
15                                                E-mail: info@glancylaw.com

16                                                Liaison Counsel for the Class

17                                                COHEN MILSTEIN SELLERS & TOLL PLLC
                                                  Joel P. Laitman (JL-8178)
18                                                Christopher Lometti (CL-9124)
                                                  Daniel B. Rehns (DR-5506)
19                                                150 East 52nd Street, Thirtieth Floor
                                                  New York, New York 10022
20                                                Telephone: (212) 838-7797
                                                  Facsimile:  (212) 838-7745
21
                                                  COHEN MILSTEIN SELLERS & TOLL PLLC
22                                                Steven J. Toll
                                                  1100 New York Avenue, N.W.
23                                                West Tower, Suite 500
                                                  Washington, DC 20005
24                                                Telephone: (202) 408-4600

25                                                *Lead Counsel and Attorneys for the Lead*
                                                  *Plaintiff New Jersey Carpenters Pension and*
26                                                *Benefit Funds*

27

28

---

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

OperativeMemoPrelimApproval.02 18 2010.wpd                                          Page 14

**PROOF OF SERVICE BY ELECTRONIC POSTING**
**AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On, February 18, 2010, I caused to be served the following documents on each ECF-registered party in the Action by posting such documents electronically to the ECF website of the United States District Court for the Southern District of California:

    1)    LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT (Exhibit: Preliminary Approval Order);

    2)    LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT;

    3)    STIPULATION OF SETTLEMENT with Exhibits.

and upon all others not so-registered but instead listed below:

Frank R. Schirripa
Joel P. Laitman
Scheongold Sporn Laitman & Lometti, PC
19 Fulton Street
Suite 406
New York, NY 10038

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2010, at Los Angeles, California.

*s/Andy Sohrn*
Andy Sohrn