1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 HCL PARTNERS LIMITED PARTNERSHIP, On Behalf of Itself and All Others Similarly Situated, | <u>CLASS ACTION</u> |
| 12 | LEAD CASE NO. 07 CV 2245 MMA |
| 13 Plaintiff, | Consolidated with Case No. 08-CV-0128 MMA |
| vs. | |
| 14 | **ORDER AND FINAL JUDGMENT** |
| 15 LEAP WIRELESS INTERNATIONAL, INC., S. DOUGLAS HUTCHESON, GRANT A. BURTON and AMIN I. KHALIFA, | [Doc. No. 131] |
| 16 | |
| 17 | |
| 18 Defendants. | |
| 19 KENT CARMICHAEL, Individually and On Behalf of All Others Similarly Situated, | |
| 20 | |
| 21 Plaintiff, | |
| vs. | |
| 22 LEAP WIRELESS INTERNATIONAL, INC. S. DOUGLAS HUTCHESON, MARK H. RACHESKY, AMIN I. KHALIFA and DEAN M. LUVISA, | |
| 23 | |
| 24 | |
| 25 Defendants. | |

26      Currently before the Court is Lead Plaintiff's Motion for Final Approval of Settlement and the

27  Plan of Allocation of Settlement Proceeds.  [Doc. No. 131.]  On October 4, 2010, the Court held a

28

hearing on the motion.  No objections to the settlement were made.  For the reasons stated herein, the Court **GRANTS** final approval of the settlement and plan of allocation of settlement proceeds.

**Background**

This action arises from alleged misconduct by Defendant Leap Wireless ("Leap") and certain individual officers and directors of Leap.  In April 2003, Leap filed for bankruptcy under Chapter 11, reorganized, and emerged in August 2004.  On November 9, 2007, Leap announced that it would be restating its financial statements for fiscal years 2004-2006 and the first two quarters of 2007.  The present action was triggered by Leap's restatement of its financial results, including the Company's reported net profits, and the price decline of Leap's common stock that occurred after the restatement was disclosed to investors.

On November 27, 2007, four class actions were filed against defendants in this Court, alleging violations of the federal securities laws.  Two of the actions were voluntarily dismissed.  On May 22, 2008, the Court consolidated the two present actions and appointed New Jersey Carpenters Pension and Benefit Funds as Lead Plaintiff ("Plaintiff"), Schoengold Sporn Laitman & Lometti, P.C. as Lead Counsel, and Glancy Binkow as Liason Counsel.  On April 30, 2010, the Court substituted Cohen Milstein Sellers & Toll PLLC as Lead Counsel.

On July 7, 2008, Plaintiff filed the Consolidated Class Action Complaint.  On August 28, 2008, Defendants filed a motion to dismiss.  This Court granted the motion to dismiss, but granted Plaintiff leave to amend.

On March 10, 2009, Lead Plaintiff filed the operative Second Amended Consolidated Complaint.  Defendants collectively filed a motion to dismiss a second time.  Following the briefing of the second motion to dismiss, and prior to the motion's scheduled hearing date, the parties engaged in extensive settlement negotiations, and ultimately agreed to a resolution of this action.  Over several weeks, the parties discussed and negotiated several drafts of the stipulation of settlement, which was presented to the Court for preliminary approval.  On March 24, 2010, the Court granted preliminary approval of the settlement.

/ / /

**The Settlement**

The settlement provides for a significant monetary benefit to the class.  Approximately 7,500 claims were filed with the settlement administrator, without any requests for exclusion or objections to the settlement.  The plan of allocation, written by Plaintiff's expert consultant, equitably distributes the proceeds of the settlement by taking into account the timing of class members' purchases, acquisitions and sales of Leap's common stock during and after the class period.  Lastly, the plan accounted for attorneys' fees in an amount equal to 25% of the gross settlement fund, plus reimbursement of attorneys' out-of-pocket expenses.

**Legal Standard**

The Ninth Circuit has a "strong judicial policy that favors settlements" in complex class actions.  *In re Pacific Enterprises Security Litigation*, 47 F.3d 373, 378 (9th Cir. 1995); *In re NVIDIA Corp. Derivative Litigation*, 2009 U.S. Dist. LEXIS 24973 (N.D. Cal.).  A settlement should be approved by the Court if it is fundamentally "fair, adequate and reasonable." Fed.R.Civ.P 23(e); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

> This determination requires a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi*, 8 F.3d at 1375.

**Discussion**

Plaintiff has provided a well-written, thorough unopposed motion in support of its request for final approval of the stipulated settlement agreement.  "[S]ignificant weight should be attributed to counsel's belief that settlement is in the best interest of those affected by the Settlement."  NVIDIA, 2009 U.S. Dist. LEXIS at *17-18 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).  After reviewing the terms of the settlement, exhibits thereto, and the documents Plaintiff submitted in support of its motion for final approval, the Court concludes the proposed settlement is fundamentally fair, adequate and reasonable under the criteria set forth by the Ninth Circuit.

07cv2245

Plaintiff's counsel appears to have reasonably weighed the risks and benefits of pursuing this litigation against the benefits of settling the dispute.  Specifically, counsel appropriately considered the complexity of the action, the likelihood of success on the merits, and the possibility that even if judgment was entered in favor of Plaintiff, the large cost to litigate this action could significantly reduce the amount recovered.  *See, e.g., In re Pacific Enterprises*, 47 F.3d at 378.  In addition, although the parties are still in the pleading stage, this action has already been pending for more than three years.  Moreover, Plaintiff acknowledges that the settlement is especially favorable in light of the fact that the first complaint was dismissed and a motion to dismiss the Second Amended Consolidated Complaint was pending when the parties reached the settlement agreement.

The Court also finds no evidence of fraud or collusion in reaching the settlement.  Counsel for the parties participated in arm's length negotiations for several months before reaching an agreement.  All parties are represented by competent, experienced litigators, and the active involvement of the Honorable Weinstein (Ret.) as a mediator during a substantial portion of the negotiations weighs considerably in favor of concluding this is not a collusive settlement.  *See* NVIDIA, 2009 U.S. Dist. LEXIS at *10-11.

Finally, in light of the extensive notice mailings to class members and the fact that no requests for exclusion or objections to the settlement have been filed, the reaction of the class members appears favorable.  The absence of any objections to the settlement creates a strong presumption that the settlement is favorable to the class members.  *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528-296 (C.D. Cal. 2009) (citation omitted).

Accordingly, the Court hereby **GRANTS** the motion for final approval of settlement and the plan of allocation of settlement proceeds, and finds as follows:

On the 4th day of October, 2010, a hearing having been held before this Court to determine: (a) whether the above-captioned  federal securities class action (the "Action") satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil

07cv2245

Procedure; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (c) whether the proposed allocation of the Settlement fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims as against the Released Persons, as set forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (f) such other matters as the Court might deem appropriate; and

The Court having considered all matters submitted to it at the hearing held on October 4, 2010; and

It appearing that a Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing ("Notice") substantially in the form approved by the Order for Notice and Hearing dated March 23, 2010 was mailed to all persons and entities reasonably identifiable who purchased or acquired the securities that are the subject of the Action during the Class Period; and

It appearing that a Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") substantially in the form approved by the Court in the Order for Notice and Hearing was published pursuant to the specifications of the Court, and that a website was used for further availability of the Notice to the Class;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members and Defendants.

2.      Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

/ / /

3.      The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Court hereby finds that the Notice distributed to the Class provided the best notice practicable under the circumstances.  The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation of the Settlement Fund, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Final Judgment.

5.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons or entities who purchased or acquired Leap common stock between August 3, 2006 and December 26, 2007, inclusive.  Excluded from the Class are (1) the Defendants, (2) any officer or director of Leap during the Class Period, (3) any corporation, trust or other entity in which any Defendant has a controlling interest, and (4) members of the immediate families of S. Douglas Hutcheson, Grant A. Burton and Amin I. Khalifa, or their successors, heirs, assigns and legal representatives.  Also excluded from the Class are any putative Class Members who

07cv2245

excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, listed on Exhibit A attached hereto.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as class representatives and Lead Plaintiff's selection of Cohen Milstein Sellers & Toll PLLC as counsel for the Class is approved.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Action is hereby dismissed with prejudice and without costs.

9.       Lead Plaintiff and members of the Class, on behalf of themselves and each of their respective past or present subsidiaries, affiliates, parents, successors and predecessors, estates, heirs, executors, administrators, and the respective officers, directors, shareholders, agents, legal representatives, spouses and any persons they represent, shall, with respect to each and every Released Claim,  release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Persons, whether or not they have submitted a Proof of Claim.

(a) "Released Claims" shall mean any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and "Unknown Claims" (as defined in the Stipulation of Settlement), (1) that have been asserted in this Action by Lead Plaintiff against any of the Released Persons , or (2) that could have been asserted in this Action, or in any other action or forum by Lead Plaintiff and/or the members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or

07cv2245

referred to in the Action and which related to the purchase or acquisition of Leap Securities during the Class Period.  Notwithstanding the foregoing, "Released Claims" does not include the claims asserted in shareholder derivative cases based on similar allegations, including but not limited to *Graham v. Hutcheson*, 3:08-CV-0246 (U.S.D.C, S.D. Cal.), and *McBride v. Hutcheson, et al.*, 37-2007-00081584 (San Diego Superior Court).  Additionally, "Released Claims" does not include claims relating to the enforcement of the Settlement.

(b) "Released Persons" means Leap, the Individual Defendants, the Original Defendants and the Dropped Defendants and their respective Related Parties.

(c) "Related Parties" means Leap, the Individual Defendants, the Original Defendants, and the Dropped Defendants, and their respective past or present subsidiaries, parents, successors and predecessors, officers and directors, shareholders, partners, agents, employees, attorneys, insurers, auditors, spouses, and any person, firm, trust, corporation, officer, director or other individual or entity in which Leap, the Individual Defendants, the Original Defendants and the Dropped Defendants, or any of them, has or had a controlling interest or which is related to or affiliated with Leap, the Individual Defendants, the Original Defendants and the Dropped Defendants, or any of them, and the respective legal representatives, heirs, successors in interest or assigns of Leap, the Individual Defendants, the Original Defendants and  the Dropped Defendants, or any of them.

10. Upon the Effective Date of this Settlement, each of the Defendants and Related Parties, on behalf of themselves and their successors and assigns, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11. The Court finds that all Parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

07cv2245

- 8 -

/ / /

(a)     offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by any of the Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statements or written document approved or made by any of the Released Persons;

(c)     offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to or otherwise file this Final Order and Judgment, and/or the Stipulation, to effectuate the liability protection granted them hereunder including to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     construed against Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as, or received in evidence as, an admission, concession or presumption against the Lead Plaintiff or the Class that any of its claims are without merit or that damages recoverable under any of the complaints filed in the Action would not have exceeded the Settlement Fund.

07cv2245

- 9 -

/ / /

13.     The Released Persons may file the Stipulation and/or this Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15.     A separate order shall be entered to approve Lead Plaintiff's Counsel's application for fees and reimbursement of costs and expenses as allowed by the Court.  The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

16.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

17.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying a settlement Class, and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. Except as otherwise provided herein, in the event the Settlement is terminated or fails to become

07cv2245

effective for any reason, the Parties shall proceed in all respects as if this Order and Final

Judgment had not been entered, and any portion of the Settlement Amount previously paid or

caused to be paid by Defendants, together with any interest earned thereon, less any Taxes due

with respect to such income, and less the costs of administration and notice actually incurred

whether paid or not paid, shall be returned, within ten (10) business days, directly to the entities

that funded the settlement amounts and notice of such return of funds shall be made to counsel for

the Parties.

19.     There is no just reason for delay in the entry of this Order and Final Judgment

and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  October 14, 2010

Hon. Michael M. Anello
United States District Judge

07cv2245