# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HCL PARTNERS LIMITED PARTNERSHIP, On Behalf of Itself and All Others Similarly Situated,<br><br>                          Plaintiff,<br>vs.<br><br>LEAP WIRELESS INTERNATIONAL, INC., S. DOUGLAS HUTCHESON, GRANT A. BURTON and AMIN I. KHALIFA,<br><br>                          Defendants. | CLASS ACTION<br><br>LEAD CASE NO. 07 CV 2245 MMA<br><br>Consolidated with Case No. 08-CV-0128 MMA<br><br>**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>[Doc. No. 132] |
| KENT CARMICHAEL, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br>vs.<br>LEAP WIRELESS INTERNATIONAL, INC. S. DOUGLAS HUTCHESON, MARK H. RACHESKY, AMIN I. KHALIFA and DEAN M. LUVISA,<br><br>                          Defendants. | |

///

///

Currently before the Court is Lead Plaintiff's Application for Award of Attorneys' Fees and Reimbursement of Expenses. [Doc. No. 132.] On October 4, 2010, the Court held a hearing on the instant motion in conjunction with a motion for final approval of settlement and the plan of allocation of settlement proceeds. No objections were made to the terms of the settlement, including the terms for award of attorneys' fees and reimbursement of expenses. For the reasons stated herein, the Court **GRANTS** the application for award of attorneys' fees and reimbursement of expenses.

### Background

This action arises from alleged misconduct by Defendant Leap Wireless ("Leap") and certain individual officers and directors of Leap. In April 2003, Leap filed for bankruptcy under Chapter 11, reorganized, and emerged in August 2004. On November 9, 2007, Leap announced that it would be restating its financial statements for fiscal years 2004-2006 and the first two quarters of 2007. The present action was triggered by Leap's restatement of its financial results, including the Company's reported net profits, and the price decline of Leap's common stock that occurred after the restatement was disclosed to investors.

On November 27, 2007, four class actions were filed against defendants in this Court, alleging violations of the federal securities laws. Two of the actions were voluntarily dismissed. On May 22, 2008, the Court consolidated the two present actions and appointed New Jersey Carpenters Pension and Benefit Funds as Lead Plaintiff ("Plaintiff"), Schoengold Sporn Laitman & Lometti, P.C. as Lead Counsel, and Glancy Binkow as Liason Counsel. On April 30, 2010, the Court substituted Cohen Milstein Sellers & Toll PLLC as Lead Counsel.

On July 7, 2008, Plaintiff filed the Consolidated Class Action Complaint. On August 28, 2008, Defendants filed a motion to dismiss. This Court granted the motion to dismiss, but granted Plaintiff leave to amend.

On March 10, 2009, Plaintiff filed the operative Second Amended Consolidated Complaint. Defendants collectively filed a motion to dismiss a second time. Following the briefing of the second motion to dismiss, and prior to the motion's scheduled hearing date, the

1  parties engaged in extensive settlement negotiations and ultimately agreed to a resolution of this
2  action.  Over several weeks, the parties discussed and negotiated several drafts of the stipulation of
3  settlement, which was presented to the court for preliminary approval.  On March 24, 2010, the
4  Court granted preliminary approval of the settlement.

### Requested Fees and Expenses

6  Plaintiff's counsel has negotiated a class settlement consisting of $13,750,000 in cash; the
7  settlement fund has already been paid and is earning interest for the class.  For their efforts in
8  achieving this result, Plaintiff's counsel seeks attorneys' fees of 25% of the settlement fund, which
9  is $13,750,000, plus the interest earned thereon for the same time period and at the same rate as
10 that earned on the settlement fund until the fee is paid.  Counsel also requests reimbursement of
11 out-of-pocket expenses in the amount of $112,715.16.

### Legal Standard

13 Upon motion in a class action, the court "may award reasonable attorney fees and
14 nontaxable costs authorized by law or by the parties' agreement.." Fed. R. Civ. P. 23(h). In
15 "common fund" cases such as this one, the Ninth Circuit has stated that "the district court has
16 discretion to use either a percentage or lodestar method" to determine what constitutes a
17 reasonable fee. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under the
18 percentage method, the Ninth Circuit has established 25 percent of the common fund as a
19 "benchmark" for what constitutes a reasonable fee. *Id.*; *Six Mexican Workers v. Arizona Citrus
20 Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Courts have found that a lodestar analysis is not
21 necessary when the requested fee is within the accepted benchmark. *Craft v. County of San
22 Bernadino*, 2008 U.S. Dist. LEXIS 27526, at *24 (C.D. Cal. April 1, 2008) ("A lodestar cross-
23 check is not required in this circuit.").  Under the percentage method, "the court simply awards the
24 attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee."
25 *Hanlon*, 150 F.3d at 1029.
26 / / /
27 / / /
28

07cv2245

**Discussion**

Here, Plaintiff's counsel obtained a $13.75 million settlement without needlessly risking further dismissal of claims, and without the necessity of conducting further fact discovery, expert discovery, class certification and summary judgment motions, trial and further appeals. In addition, the settlement amount approaches the damages Plaintiff's expert deemed recoverable. The fees are also reasonable in light of the skill and effort required to reach the settlement. Here, both parties were represented by competent and experienced counsel. Lead Counsel has extensive experience in litigating securities class actions, and Defendants were represented by two law firms with nationwide and international reputations for providing thorough and competent representation. Lead Counsel obtained the settlement only after extensive investigations, research, briefing and arguments on Defendants' motions to dismiss, and negotiations with defense counsel. Consequently, Lead Counsel's requested benchmark fee award of 25% is reasonable in light of the amount of efforts expended to achieve the settlement.

As for expenses, Plaintiff's counsel also risked non-payment of $112,715.16 in out-of-pocket expenses by taking on this action. Expenses are compensable in a common fund case where the particular costs are of the type that "would normally be charged to a fee paying client." *Harris v. Marhoefer*, 2 F.3d 16, 19 (9th Cir. 1994). The categories of expenses Plaintiff seeks reimbursement for are the type of expenses routinely charged to hourly paying clients. These expenses include, *inter alia*, costs for computerized factual and legal research services, and travel expenses to attend motion hearings and mediation meetings.

Accordingly, the Court **GRANTS** Lead Plaintiff's Application for Award of Attorneys' Fees and Reimbursement of Expenses, and finds as follows:

This matter having come before the Court on October 4, 2010, on the application of counsel for Plaintiff for an award of attorneys' fees and reimbursement of expenses incurred in this action ("the Fee and Expense Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of February 17, 2010 (the "Stipulation"), and filed with the Court.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion from the litigation and the Class.

3. The "Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing", substantially in the form approved by the Order for Notice and Hearing dated March 24, 2010 was mailed to all persons and entities reasonably identifiable who purchased the common stock of Leap Wireless International, Inc. during the Class Period, except those persons and entities excluded from the definition of the Class. In addition, the "Summary Notice of Pendency and Proposed Settlement of Class Action," again substantially in the form approved by the Court in the Order for Notice and Hearing, was published pursuant to the specifications of the Court. Settlement information posted on the website of the settlement administrator, The Garden City Group, Inc., and a toll-free Interactive voice response system was also used to reach Class Members and for further availability of the Notice to the Class. These four methods for reaching and contact with the Class Members, together, are defined as "the Notice".

4. The Court hereby finds that the Notice to the Class provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Fee and Expense Application, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law. A full opportunity has been offered to the Class Members to object to the Fee and Expense Application and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members who did not timely elect to exclude theselves

1  by written communication are bound by this Order and Final Judgment.

2      5.    No Class Members have filed objections to or comments on the Fee Application.

3      6.    The Court hereby awards Plaintiff's Counsel attorneys' fees of 25% of the Settlement Fund, which is $13,750,000, plus the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until the fee is paid, plus reimbursement of litigation expenses in the amount of $112,715.16.  The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under both the "percentage-of-recovery" method and the lodestar method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class.

    7.    The fees and expenses shall be allocated between Lead Counsel, Cohen Milstein Sellers & Toll PLLC, and Liaison Counsel, Glancy Binkow & Goldberg LLP, in a manner which, in Lead Counsel's opinion, reflects each such counsel's contribution to the institution, prosecution and resolution of the action.

    8.    The awarded attorneys' fees and expenses and interest earned thereon shall immediately be distributed to Lead Counsel subject to the terms, conditions and obligations of the Stipulation.

    9.    Lead Counsel is also authorized to pay amounts owed to the Claims Adiministrator for its work performed thus far, and shall pay the Claims Administrator's future invoices from the Net Settlement Fund as Lead Counsel determines is appropriate.

    10.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: October 15, 2010

Hon. Michael M. Anello
United States District Judge